PHILLIP A. TALBERT
United States Attorney
ARIN C. HEINZ
LAUREL J. MONTOYA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMAYRANI ARREGUIN,<br>LIZETTE MENDEZ,<br>MIGUEL MARTINEZ,<br>YVETTE GALLEGOS,<br><br>Defendants. | CASE NO. 1:21-CR-00095-ADA-BAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: February 8, 2023<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. By previous order, this matter was scheduled for a status conference on February 8, 2022.

2. By this stipulation, the parties move to continue the status conference until July 12, 2023, or the Court's earliest convenience, and to exclude time from calculation under the Speedy Trial Act between February 8, 2022, and July 12, 2023.

3. The parties agree and stipulate, and request that the Court find the following:

a) Initial discovery was transmitted to defendants (except defendant Gallegos, who was joined to the case later) on or about April 15, 2021. This discovery consisted of approximately 880 Bates-numbered items, including audio recordings, data and transcripts of telephone calls

intercepted through Court-authorized electronic surveillance, case agent reports, audio and video recordings, photographs, and laboratory results, as well as a recording of post-arrest interviews if any interview took place. The initial discovery was transmitted under cover letter inviting defense counsel to contact the government in the event they wished to inspect any physical evidence seized during the investigation of the case.

b) On or about June 14, 2021, the government transmitted supplemental discovery to the defendants, consisting of additional reports of investigation, laboratory results and photographs.

c) Following her arraignment on July 22, 2021, the above-referenced discovery was produced to defendant Gallegos on July 27 and August 3, 2021.

d) On or about November 19, 2021, the government transmitted supplemental discovery to the defendants, consisting of additional reports of investigation, laboratory results and photographs.

e) Two new Assistant United States Attorneys were assigned to this case on December 2, 2022. The AUSA's are in active plea negotiations and have made plea offers to defense counsel for these defendants. The parties are continuing the actively negotiate this matter however the matter is not ready to resolve at the currently set status conference date. The parties anticipate being in a position at the next status conference to set a trial date if the matter does not resolve.

f) Counsel for defendants desire additional time to review discovery, consult with their clients, conduct investigation and research related to the charges, and to discuss the plea offers that have been made by the government. Counsel request one additional status conference prior to scheduling this matter for trial to determine if the plea offers will be accepted by the defendants.

g) Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

h) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

    i)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 8, 2022 to July 12, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act provide that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: January 31, 2023                              PHILLIP A. TALBERT
                                                       United States Attorney

                                             By: /s/ ARIN C. HEINZ
                                                    ARIN C. HEINZ
                                                    Assistant United States Attorney

                                                  /s/ DAVID A. TORRES
                                                  DAVID A. TORRES
                                                 Counsel for defendant Miguel Angel Martinez

/s/ KEVIN P. ROONEY                          /s/ BARBARA HOPE O'NEILL
KEVIN P. ROONEY                                BARBARA HOPE O'NEILL
Counsel for defendant Lizette Mendez      Counsel for defendant Amayrani Jared Arreguin

/s/ ROGER D. WILSON
ROGER D. WILSON
Counsel for defendant Yvette Gallegos

[Remainder of this page intentionally left blank.]

...

# ORDER

IT IS SO ORDERED that the status conference is continued from February 8, 2023, to **July 12, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv). The Court intends to set a trial date at the next status conference. If the parties do not resolve the case in advance of the next status conference, they shall be prepared to set a trial date at the status conference hearing.

IT IS SO ORDERED.

Dated:   **February 1, 2023**           /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE